In the Matter of the Application of RAMON C. TAIMANGLO and URBANA N. TAIMANGLO, Husband and Wife, for the Initial Registration of Lot No. 87 and Lot No. 87-A of Inarajan, Petitioners

Civil No. 120-A

District Court of Guam

Appellate Division

September 29, 1977

Before DUENAS and THOMPSON, *District Judges*, and BURNETT, *Designated Judge*

PER CURIAM

OPINION

Appellant argues that the Superior Court of Guam erred in its May 30, 1975, Order granting the appellees adverse ownership to Lot 87-A, Atao, Inarajan, Guam. However, the appellant has incorrectly based his appeal on § 325 of the Guam Code of Civil Procedure, when the applicable section is § 323 which properly deals with adverse possession under a written instrument or judgment.

Clearly, the petitioners-appellees based their claim to Lot 87-A on a written instrument, namely a May 23, 1932,

452

deed. (Transcript, pages 5:8 to 7:24.) Section 323 of the Guam Code is therefore clearly applicable and it sets forth the following requirements:

§ 323. What constitutes adverse possession under written instrument or judgment. For the purpose of constituting an adverse possession, by any person claiming a title founded upon a written instrument or a judgment or decree, land is deemed to have been possessed and occupied in the following cases:

1. Where it has been usually cultivated or improved;
2. Where it has been protected by a substantial enclosure;
3. Where, although not enclosed, it has been used for the supply of fuel, or of fencing timber for the purposes of husbandry, or for pasturage, or for the ordinary use of the occupant;
4. Where a known farm or single lot has been partly improved, the portion of such farm or lot that may have been left not cleared, or not enclosed according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated. [Enacted 1953.]

Sufficient evidence was offered at trial for the court to have reasonably concluded that these requirements for adverse possession had been satisfied by the petitioners-appellees. During the years 1955 to 1961, the petitioner visited Guam at least once a year, while in active service. During these visits he cleared the land, gathered coconuts and gave people permission to use the property. (Transcript, pages 9:15 to 12:10.) He paid taxes on the land in question for 5 consecutive years. (Transcript, pages 7:24 to 9:14.) Since 1972 petitioner has been staying on the area of Lots 87 and 87-A and has cleaned the entire area and has granted people permission to picnic there. (Transcript, pages 15:3 to 16.) Furthermore, he gave the Democratic Party permission to use a shelter on Lot 87-A in the early part of 1974. (Transcript, page 16.) While perhaps another court might have reached a contrary finding, sufficient evidence was offered to suggest that Lot 87-A had been improved

and that possession was adverse. It is true that under §
325, as appellant argues, the requirements for adverse
possession would not have been satisfied here. However,
petitioner testified that he had become the owner of Lots
87 and 87-A through his mother, who had traced her interest
through the May 23, 1932, deed which petitioner intro-
duced as his first exhibit. Clearly, petitioner was attempt-
ing to base his claim on this written instrument and § 323
(rather than § 325) of the Guam Code of Civil Procedure
applies.

Appellee cites from 2 Cal.Jur.2d 538–539, which in dis-
cussing the California counterpart to § 323 of the Guam
Code, gives the following rule:

> The showing required by an adverse claimant under color of title
> is less exacting in its character than is required where only posses-
> sion must be depended upon. Where the claim is founded upon a
> written instrument, judgment, or decree, the land is deemed to have
> been possessed and occupied not only where it has been actually
> cultivated and improved, or where it has been protected by a sub-
> stantial inclosure, but where, although not inclosed, it has been
> used for the supply of fuel, or of fencing timber for the purposes
> of husbandry, or for pasturage, *or for the ordinary use of the oc-*
> *cupant.* (Emphasis added.) In addition, where a known farm or
> single lot has been partly improved, the portion of such farm or lot
> that may have been left uncleared or uninclosed according to the
> usual course and custom of the adjoining country is deemed to have
> been occupied for the same length of time as the part improved and
> cultivated.

Identical language can be found in 2 Cal.Jur.3d at pages
684–685, and the petitioner could make a less exact show-
ing of adverse possession when he introduced the 1932 deed
to prove his case under color of title. (Exhibit # 1.) Suf-
ficient evidence was introduced to support the trial judge's
findings and consequentially they should not be disturbed
on appeal.

While we affirm the trial judge's findings as to adverse

possession, we must remand the case to Superior Court for further determination as to "an accurate description of the land", as required by Guam Civil Code, § 1157.14. Incomplete evidence was offered at trial as to the metes and bounds of Lot 87-A, and while the trial judge ordered that a Territorial Survey be done, the last paper transmitted on appeal shows that the territorial surveyor filed a motion asking for a sixty-day extension of time. Since the Department of Land Management must rely on the decree of the trial court with regard to Lot 87-A, all the requirements of § 1157.14 must be satisfied before such a decree can be given final effect. Affirmed in part. Remanded in part.